**Abatement Order filed November 20, 2014.**



In The

# Fourteenth Court of Appeals
_____

## NO. 14-13-00922-CR
_____

**KAREN WOODING BRYANT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 8**
**Harris County, Texas**
**Trial Court Cause No. 1872448**

---

## CONTINUING ABATEMENT ORDER

On April 10, 2014, this court abated this appeal for the trial court to conduct a hearing or hearings to compel the court reporter, **Sondra Humphrey,** to file the reporter's record in this appeal. The reporter's record in this case was due **November 11, 2013**. *See* Tex. R. App. P. 35.1. To date, the reporter's record has not been filed.

Records have been filed from several hearings conducted by the Honorable Sherman Ross, the presiding judge for the Harris County Criminal Courts. In addition, counsel for the State has submitted proposed Findings of Fact and Conclusions of Law concerning the status of the records for this case and other cases reported by Sondra Humphrey. Based upon these records and the State's proposed findings and conclusions, it appears that the reporter's record in this appeal may be "lost or destroyed" for purposes of appeal.

Rule 34.6(f) of the Texas Rules of Appellate Procedure provides that an appellant is entitled to a new trial when the reporter's record or exhibits are lost, under the following circumstances:

(1) if the appellant timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or — if the proceedings were electronically recorded — a significant portion of the recording has been lost or destroyed or is inaudible;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replace either by agreement or the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

Tex. R. App. P. 34.6(f).

Accordingly, the court requests the Honorable Sherman Ross to determine the following: (1) whether appellant timely requested a reporter's record; (2) whether without the appellant's fault, significant exhibits and/or portions of the

record have been lost or destroyed; (3) whether the lost exhibits and/or portions of the record are necessary to appellant's appeal; and (4) whether the parties can agree on replacement of the missing exhibits with copies, or (5) if the trial court can determine that copies accurately duplicate the missing exhibits with reasonable certainty or the missing portions of the reporter's record can be replaced by agreement. The court is directed to reduce its findings to writing and to have a supplemental clerk's record containing those findings filed with the clerk of this court, together with a reporter's record from any hearing, **within 30 days** of the date of this order**.**

The appeal remains abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental record is filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. If the court reporter files the record prior to the date set for the hearing, the appeal will be reinstated and the trial court need not hold a hearing.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Christopher and Busby.